IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDRE'A DARIUS JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-313 |
| USP BEAUMONT STAFF, *et al*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Andre'a Darius Johnson, an inmate confined at USP Beaumont, proceeding *pro se*, filed this *Bivens*-type action[1] against Defendants USP Beaumont Staff, USP Medical Staff and the United States of America.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

On March 4, 2024, the district court entered a Memorandum Order granting Plaintiff's Motion for Reconsideration and the case was restored to the court's active docket (doc. #23). On March 8, 2024, the court entered a collection order which was sent to Plaintiff at his last known address (doc. #25). The collection order was returned on April 4, 2024, with the notation that it was undeliverable and Plaintiff was "no longer at this address" (doc. #26). An independent review of the BOP website reveals Plaintiff was released on March 22, 2024.[2] Plaintiff has yet to update the court with his current address. Plaintiff has prohibited the court from communicating with him.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] https://www.bop.gov/inmateloc/

failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). More than ample time has passed, yet Plaintiff has failed to update the court with his current address. Plaintiff has failed to diligently prosecute this case.

## Recommendation

This complaint should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 24th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge